### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TAE IN KIM and DAVID D. KIM, individually and on behalf of all others similarly situated, | : : : : : | **OPINION** |
| Plaintiffs, | : : | Civ. No. 2:12-cv-1136 (WHW) |
| v. | : : | |
| DONGBU TOUR & TRAVEL, INC. and KYU SUNG CHO, | : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

Defendants Dongbu Tour & Travel, Inc. ("Dongbu") and Kyu Sung Cho move for reconsideration of this Court's July 25, 2012 denial of Defendants' Motion to Compel Arbitration. Plaintiffs oppose. The Court will rule on the papers without oral argument under Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, the Court denies the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2012, Plaintiffs Tae In Kim and David D. Kim filed a putative collective action alleging violations of the minimum wage and overtime provisions of the New Jersey Wage and Hour Law and the Fair Labor Standards Act. Compl. ¶¶ 1-2, ECF No. 1. On March 23, Plaintiffs also filed a Motion for a Preliminary Injunction. Mot. Prelim. Inj., ECF No. 8. On April 4, 2012, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 10. This Court held a hearing on May 30, 2012. ECF Nos. 16-17.

**NOT FOR PUBLICATION**

At the May 30, 2012 hearing, both Plaintiffs and Defendants presented versions of a form contract between Plaintiff David D. Kim's corporation, DDK NY, and Guide USA. Plaintiffs' unsigned version states that "[a]ny controversies arising out of or in connection with this Agreement or its interpretation shall be settled in New York State in accordance with the rules of the American Arbitration Association, and the judgment upon award may be entered in any court having jurisdiction thereof." July 5, 2012 Hearing, Ex. P-1, at 2. Defendants' version, dated April 11, 2011, is only signed by David D. Kim as the owner of DDK NY. It contains the same paragraph quoted above, but adds the following paragraph:

> Each party hereto waives its rights to a jury trial of any claim or cause of action based upon or arising out of this Agreement or the subject matter hereof. The scope of this waiver shall be all encompassing of any and all disputes that may be filed in any court and that relate to the subject matter hereof without any limitation.

July 5, 2012 Hearing, Defs.' Ex. E, at 8. To date, no contract purporting to be between Plaintiff Tae In Kim and either Defendants or Guide USA has been presented to the Court. The Court denied Defendants' Motion to Dismiss on June 6, 2012. ECF Nos. 18-19.

This Court conducted a hearing on Plaintiffs' Motion for a Preliminary Injunction on July 5, 2012. ECF Nos. 28, 30. On the morning of the hearing, Defendants submitted an additional brief opposing Plaintiffs' Motion for a Preliminary Injunction, which also contained a motion to compel arbitration. Defs. Supp. Mem., ECF No. 29. The Court required Defendants to properly re-file the request to compel arbitration as an individual motion. After a series of additional improper filings by Defendants, this Court heard oral argument on the Motion to Compel Arbitration on July 25, 2012, and entered an order denying the motion. ECF Nos. 38-39. During the hearing, the Court, sua sponte, raised the question of whether a third-party, Dongbu, had standing to assert the arbitration provision in the contract between DDK NY and Guide USA. ECF No. 55.

2

**NOT FOR PUBLICATION**

On August 8, Defendants filed the present Motion for Reconsideration of the Court's July 25, 2012 Order. Mot. Recon., ECF No. 41. On September 4, 2012, Plaintiffs filed an opposition to Defendants' Motion for Reconsideration. Opp. Mem., ECF No. 54. Defendants have also filed a Notice of Appeal from the July 25, 2012 Order. Notice of Appeal, Aug. 13, 2012, ECF No. 42.

**STANDARD OF REVIEW**

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." A motion for reconsideration must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly" and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); *NL Indus. Inc. v.*

3

**NOT FOR PUBLICATION**

*Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1996).

## DISCUSSION

Defendants argue that the Court should reconsider and vacate its July 25, 2012 order denying Defendants' motion to compel arbitration. Defendants contend that parties did not have a "real opportunity" to address the issue of whether Dongbu is a third-party beneficiary to the contract between David Kim and Guide USA, given that the Court raised the question sua sponte during the July 25, 2012 hearing. More specifically, Defendants claim that the Court committed a "clear legal error" by not finding that Dongbu was a third-party beneficiary of the contract between David Kim and Guide USA.

Defendants have not demonstrated to the Court that an intervening change in the law has occurred since its judgment, that new evidence not previously available has emerged, or that there is a need to correct a clear error of law or manifest injustice in its judgment. This Court raised the third-party beneficiary issue during the July 25, 2012 hearing, and gave all parties a chance to respond before ruling on the question. *See* Hr'g Tr. 4:12-8:15 (July 25, 2012). Consequently, Defendants merely seek to relitigate a matter already decided by this Court.

## CONCLUSION

Defendants' motion for reconsideration is denied.

September 19, 2012

**/s/ William H. Walls**
United States Senior District Judge