NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAE IN KIM and DAVID D. KIM, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DONGBU TOUR & TRAVEL, INC. and KYU SUNG CHO, <br><br> Defendants. | **OPINION** <br><br> Civ. No. 2:12-cv-1136 (WHW) |

**Walls, Senior District Judge**

Plaintiffs Tae In Kim and David D. Kim (together, "Plaintiffs") move to conditionally certify a class of tour guides employed by Defendants Dongbu Tour & Travel, Inc. ("Dongbu") and Kyu Sung Cho ("Cho") (together, "Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.* (2013). Plaintiffs also move for equitable tolling of the FLSA statute of limitations. The motion has been decided from the written submissions of the parties under Federal Rule of Civil Procedure 78. Plaintiffs' motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 24, 2012, Plaintiffs filed a putative collective action alleging violations of the minimum wage and overtime provisions of the FLSA and the New Jersey Wage and Hour Law. Compl. ¶¶ 1-2 (ECF No. 1). On March 23, 2012, Plaintiffs also filed a Motion for Preliminary Injunction. ECF No. 8. On April 4, 2012, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. This Court held a hearing on May 30, 2012, ECF Nos. 16-17, and an evidentiary hearing on July 5, 2012, ECF No. 28. Following the July 5,

2012 hearing, the Court held that Plaintiffs are employees of Dongbu as a matter of law. *See* Op. dated Oct. 9, 2012 at 1-2 (ECF No. 60). Defendants' Motion to Dismiss was denied on June 6, 2012. ECF Nos. 18-19. Plaintiffs' Motion for Preliminary Injunction was denied on July 23, 2012. ECF Nos. 34, 36. The Court also denied Defendants' Motion to Compel Arbitration on July 25, 2012, ECF No. 38, as well as Defendants' Motion for Reconsideration of that request on September 19, 2012, ECF Nos. 58-59. Defendants appealed this Court's denial of their Motion to Compel Arbitration to the Third Circuit, which affirmed the judgment of this Court on June 19, 2013. *See Tae In Kim v. Dongbu Tour & Travel, Inc.*, No. 12-3285, 2013 WL 3045569, at *4 (3d Cir. June 19, 2013).

## STANDARD OF REVIEW

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others "similarly situated." 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Third Circuit has embraced a two-step approach to determining whether a suit brought under § 216(b) may move forward as a collective action. *See Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (adopting "two-tier approach" put forth in *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013)). "Conditional certification," which is sought in the pending motion, is the initial stage of that two-tiered analysis. *See Symczyk*, 656 F.3d at 192.

During this initial phase, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to

the named plaintiff." *Id.* "If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." *Id.*

At this initial stage, the Third Circuit applies a "modest factual showing" standard, under which "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n.4 (quoting *Symczyk*, 656 F.3d at 193).

"After discovery, and with the benefit of 'a much thicker record than it had at the notice stage,' a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Symczyk*, 656 F.3d at 193 (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1223, 1261 (11th Cir. 2008)). "This second stage is less lenient, and the plaintiff bears a heavier burden." *Id.* "Should the plaintiff satisfy her burden at this stage, the case may proceed to trial as a collective action." *Id.*

In commenting on the differences in these two stages of the collective action certification analysis, the Third Circuit has cited the rationale of the Second Circuit: "The Second Circuit has described this initial step as 'determin[ing] whether 'similarly situated' plaintiffs do in fact exist,' while at the second stage, the District Court determines '*whether* the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.'" *Zavala*, 691 F.3d at 536 n.4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

## DISCUSSION

### I. Conditional Certification of Plaintiffs' FLSA Claims is Appropriate

Plaintiffs contend that they have "more than satisfied their 'lenient' burden of demonstrating that the proposed class of Dongbu tour guides is sufficiently similarly situated to

justify issuing notice to potential class members." Pls.' Br. in Supp. of Conditional Certification ("Pls.' Br.") at 22 (ECF No. 77-3). Plaintiffs point out that the record contains ample evidence that the proposed class was subject to a uniform Dongbu policy of misclassifying tour guides as independent contractors, which had the effect of depriving those tour guides of the wages they were owed. *Id.* Plaintiffs also contend that apart from Dongbu's "no compensation" policy, "Plaintiffs and the members of the proposed class were subjected to the same policies, procedures, and work schedules." *Id.* at 23.

Defendants do not respond to Plaintiffs' argument that the proposed class should be conditionally certified under § 216(b) of the FLSA. Rather, Defendants dedicate their response brief to Plaintiffs' failure to meet the factors of numerosity, commonality, typicality and representativeness that apply when a plaintiff moves to certify a class under Federal Rule of Civil Procedure 23. *See* Defs.' Br. in Opp'n to Pls.' Mot. for Class Certification at 14-31 (ECF No. 78). Those factors are inapposite in a court's decision to conditionally certify a class under § 216(b) of the FLSA. *See, e.g.*, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) ("'Rule 23 is inapplicable to class proceedings under the FLSA'") (quoting 5 James Wm. Moore et al., Moore's Federal Practice § 23.06[1] (3d ed. 2003)); *Zavala*, 691 F.3d at 536 (3d Cir. 2012) (rejecting approaches derived from Rule 23 for determining whether proposed collective action plaintiffs are "similarly situated"); *Symczyk*, 656 F.3d at 194 (explaining that "expedient adopting of Rule 23 terminology with no mooring in the statutory text of § 216(b) may have injected a measure of confusion into the wider body of FLSA jurisprudence."); *Afsur v. Riya Chutney Manor LLC*, No. 12-cv-3832(JAP), 2013 WL 3509620, at *2 n.3 (D.N.J. July 11, 2013).

This Court finds that conditional certification is appropriate. Plaintiffs have certainly made a "modest factual showing," and have produced evidence "'beyond pure speculation' of a factual

nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n.4 (quoting *Symczyk*, 656 F.3d at 193). Plaintiffs have shown that they are similarly situated to the putative class through record evidence—hearing transcripts containing sworn testimony, training manuals, certifications and copies of contractual agreements—demonstrating that Plaintiffs and the proposed class were subject to the same employment practices with respect to training, compensation, and work schedules. The Court grants Plaintiffs' motion for conditional certification.

## II. Equitable Tolling of the FLSA Statute of Limitations is Appropriate

The FLSA provides that actions to recover "unpaid minimum wages, unpaid overtime compensation, or liquidated damages" must be commenced within two years of the alleged violation or within three years after the cause of action accrued for willful violations. 29 U.S.C. § 255(a). To qualify for relief under the FLSA, a party must "commence his cause of action before the statute of limitations applying to his individual claims has lapsed." *Symczyk*, 656 F.3d at 200 (3d Cir. 2011) (internal citation omitted). To determine when an FLSA collective action is commenced, the statute differentiates between named plaintiffs and opt-in plaintiffs. *See* 29 U.S.C. § 256; *Symczyk*, 656 F.3d at 200. For named plaintiffs, the action is commenced on the date they file the Complaint. *See* 29 U.S.C. § 256. For opt-in plaintiffs, however, the action is not commenced until the date on which they file their written consent. *Id.*

It is "a well-established principle of law that equitable tolling doctrines are 'read into every federal statute of limitation.'" *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504 (3d Cir. 1998) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396-97 (1946)). The doctrine "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented

from filing in a timely manner due to sufficiently inequitable circumstances." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (internal citation omitted).

The Third Circuit has identified "three principal situations in which equitable tolling is appropriate." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). Those situations are: (1) "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision"; (2) "where the plaintiff in some extraordinary way has been prevented from asserting his rights"; or (3) "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*

Plaintiffs argue that equitable tolling is appropriate in this case under the first and second scenarios identified by the Third Circuit in *Podobnik* based on Defendants' conduct in failing to inform the class members of their FLSA rights, misrepresenting the employment status of the class members, delaying the merits of the case by bringing a frivolous appeal, and retaliating against Plaintiffs for filing this lawsuit. Pls.' Br. at 26 (ECF No. 77-3). Defendants offer no arguments addressing the issue of equitable tolling in their response brief.

Plaintiffs first argue that equitable tolling is warranted because Dongbu failed to inform its employees (the potential class members) of their FLSA rights as required by the FLSA regulations. This Court agrees.

The Federal Regulations implementing the FLSA read: "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. The Third Circuit has held that an employer's failure to comply with a similar notice requirement under the Age Discrimination in Employment Act tolled the running of the

180-day administrative filing period "at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights . . . ." *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir. 1978).

This Court agrees with other courts of this district and this circuit that have applied the *Bonham* rule to the FLSA statute of limitations and held that "'an employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.'" *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 439 (D.N.J. 2001) (quoting *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D.Pa. 1984)); *see also Rong Chen v. Century Buffet and Restaurant*, No. 09-cv-1687(SRC), 2012 WL 113539, at *4 (D.N.J. Jan. 12, 2012) (same).

In this case, the Court has found that Plaintiffs are employees of Dongbu as a matter of law, *see* Op. dated Oct. 9, 2012 at 1-2 (ECF No. 60), and any potential class member that is similarly situated to Plaintiffs will also be found to be an employee. Dongbu had a responsibility to post the notice requirements as prescribed by 29 C.F.R. § 516.4 and failed to do so. *See* David Kim Cert. ¶ 12 (ECF No. 77-2); Tae In Kim Cert. ¶ 12 (ECF No. 77-1). Failure to post such notice, along with Defendants' misleading of Plaintiffs as to their employment status as independent contractors, is a clear example of "'where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights.'" *Henchy*, 148 F. Supp. 2d at 438-39 (quoting *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 309 (3d Cir. 1983)). These acts and omissions fall within *Podobnik*'s first scenario, and equitable tolling is appropriate because "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision." 409 F.3d at 591.

The FLSA statute of limitations will be equitably tolled for all potential class members from February 24, 2012 (the date Plaintiffs filed this putative collective action) through the

deadline to be established by this Court for the putative class members to file their respective consents to join this collective action.

Because the Court finds equitable tolling appropriate based on Defendants' failure to post notice to its employees under 29 C.F.R. § 516.4 and Defendants' misleading of Plaintiffs as to their employment status as independent contractors, the Court need not address Plaintiffs' other arguments regarding this issue. *See* Pls.' Br. at 30-35 (ECF No. 77-3).

## CONCLUSION

Plaintiffs' motion for conditional certification and equitable tolling of the FLSA statute of limitations is granted.

October 16, 2013

**/s/ William H. Walls**
United States Senior District Judge
