NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                            :
TAE IN KIM and DAVID D. KIM, individually   :
and on behalf of all others similarly situated, : No. 2:12-cv-1136 (WHW)(CLW)
                      Plaintiffs,           :
                                            :
          v.                                : **OPINION**
                                            :
DONGBU TOUR & TRAVEL INC. and               :
KYU SUNG CHO,                               :
                      Defendants.           :
_____:

**WALDOR, United States Magistrate Judge**

      Pending before the Court is a motion filed by Defendants Dongbu Tour & Travel Inc., and Kyu Sung Cho ("Defendants") to compel "all Named Plaintiffs and Opt-In Plaintiffs" ("Plaintiffs") to produce tax returns for the tax years for which they claim damages in this action. The Court has reviewed all arguments and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

      Plaintiffs, who work as tour guides, brought this action against Defendants, a tour company and its chief executive officer, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"). (Am. Compl., ECF No. 130.) Among the various decisions and appeals in this matter, ECF Nos. 18-19, 58-61, 81, 83, the District Judge previously concluded that "Plaintiffs are employees who were misclassified as independent contractors and would be likely to succeed on the merits of a retaliation claim under the FLSA," ECF Nos. 34, 36, and granted Plaintiffs' motion for conditional certification under § 216(b) of the FLSA, ECF Nos. 86-87.

On May 31, 2016, Defendants filed the instant motion to compel production of Plaintiffs' income tax returns. (Motion to Compel, ECF No. 162.) Defendants assert that Plaintiffs' income tax returns are both relevant and compelling, and thus should be produced. (Id.) Defendants emphasize that "the income earned by each Plaintiff is relevant to their retaliation claim[s]" and "is evidence of Plaintiffs' damages (or lack thereof) and their mitigation of such alleged damages." (Id., at 11.) Defendants also argue that the tax returns would provide further evidence of whether Plaintiffs were employees or independent contractors, which would impact Defendants' liability. (Id., at 10-11; Reply, ECF No. 165, at 7-9.)

On June 30, 2016, Plaintiffs opposed the motion. (Opp., ECF No. 164.) Plaintiffs argue that they have already produced all the information regarding wages in their possession, and that if there is incomplete information, it is the fault of the Defendants in that they should have kept proper payroll records. (Id., at 10-11.) Plaintiffs thereby contend that, for want of a compelling need, they should not have to produce the income tax returns. (Id.) Plaintiffs also assert that, since the District Judge already found that Plaintiffs are employees, the tax information is not necessary. (Id., at 8-9.)

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "parties may obtain discovery of any non-privileged matter that is relevant to the party's claim or defense" and the Court may order discovery of any matter relevant to the subject matter involved in the action, although "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See also Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000); Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000). "Courts have construed [Rule 26] liberally, creating a broad vista for discovery." Takacs v. Union County, 2009 WL 3048471, at *1 (D.N.J. 2009) (citing Tele–Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D.

371, 375 (D.N.J. 1981)); see also Kopacz v. Del. River and Bay Auth., 225 F.R.D. 494, 496 (D.N.J. 2004) (Discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case.").

As for the issue presented here, however, "[p]ublic policy favors the nondisclosure of income tax returns." DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982) (citations omitted). Thus, in the context of a request to compel production of tax returns, a two-part balancing test applies: "first, the court determines the relevance of the tax returns to the litigation; if the returns are found to be relevant, the court then determines whether there is a compelling need for the tax returns due to the sought after information being otherwise unavailable." Robinson v. Horizon Blue Cross-Blue Shield of New Jersey, 2013 WL 6858956, at *3 (D.N.J. 2013), aff'd, 2014 WL 3573339 (D.N.J. 2014) (citing DeMasi, 669 F.2d at 119 and Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec., 174 F.R.D. 572, 585 (D.N.J. 1997)). "It is the party that is objecting to producing the information that bears the burden of proving that the information is otherwise available." Id.

First, the Court finds that the Plaintiffs' tax returns are relevant. Pursuant to 29 C.F.R. § 778.117, for example, additional money Plaintiffs received by way of tips or commissions counts toward their wages and, consequently, this information bears directly on assessing whether Plaintiffs received proper wages. The information is likewise relevant to Plaintiffs' allegations insofar as wage information would illustrate Plaintiffs' damages, including the existence of offsets or mitigation. And, while this Court declines to revisit the District Judge's independent contractor-employee determination and is skeptical of Defendants' suggestion that one's status as an employee depends on other employment, see Yong F. Ke v. 85 Fourth Avenue, 2009 WL 1058627

at *4, the Court acknowledges the possibility that the relevant discovery now sought may bolster Defendants' attempts raise the issue again before the District Judge.

The Court also finds that there is a compelling need for the tax returns and the information is otherwise unavailable. Though Plaintiffs have submitted their log guide books, many of the books are incomplete or outright unavailable and, accordingly, it can be concluded that information pertaining to the amounts received at various stops is otherwise unavailable. While Plaintiffs emphasize that the instant dispute could have been avoided through more diligent record-keeping by Defendants, the Court does not construe this to necessitate foreclosing Defendants from discovery of relevant information. Similarly, the Court declines Plaintiffs' invitation to approximate damages because the tax returns can provide accurate information and thus obviate the need for speculative, burdensome, or costly attempts to approximate. In short, Plaintiffs failed to show that the information is otherwise available via other less invasive reliable sources.

For the reasons set forth above, the Court grants Defendants' motion to compel production of Plaintiffs' income tax returns. To ensure that disclosure is not overly intrusive, the parties shall confer, if necessary, regarding a confidentiality order within fourteen (14) days. See <u>Schenck v. International Business Machines Corp.</u>, 1993 WL 765638 at *8 (D.N.J. 1993) (compelling disclosure of tax returns and noting counsel's agreement as to a suitable form of disclosure). The Clerk of the Court is directed to terminate ECF No. 162. An appropriate Order follows.

**Dated:** **August 25, 2016**

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**